IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| WILLIE RIVAS,<br><br>    PLAINTIFF,<br><br>- vs -<br><br>STATE FARM LLOYDS<br>AND ROSA CONTRERAS,<br><br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 7:16-CV-609<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT, STATE FARM LLOYDS NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THIS COURT:

STATE FARM LLOYDS (hereinafter "STATE FARM"), Defendant, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

**I. PROCEDURAL BACKGROUND**

1.   On July 7, 2016, Willie Rivas ("Plaintiff") filed his Original Petition ("the Petition") in Cause No. C-3120-16-H in the 389th District Court of Hidalgo County, Edinburg Texas, ("the State Court Action") against Defendants, STATE FARM and ROSA CONTRERAS ("CONTRERAS").[1]

2.   On September 6, 2016, CONTRERAS was served with process.[2] CONTRERAS filed her Original Answer on September 30, 2016.[3]

3.   On September 19, 2016, STATE FARM was served with process.[4] STATE FARM filed its Original Answer on April 15, 2016.[5]

---

[1] *Exhibit B,* Plaintiff's Original Petition.
[2] *Exhibit C,* Citation for Rosa Contreras.
[3] *Exhibit D,* Defendant, Rosa Contreras' Original Answer.
[4] *Exhibit E,* Citation for State Farm Lloyds.

1

4. STATE FARM timely files this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Action from the 389th District Court of Hidalgo County, Edinburg Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

## II. NATURE OF THE SUIT

5. This lawsuit involves a dispute over the alleged non-payment or under payment of insurance benefits and the handling of Plaintiff's insurance claims for damages allegedly caused by a storm occurring on or about March 26, 2015. Plaintiff asserts causes of action for breach of contract, violations of the TEXAS INSURANCE CODE §542 and §541, and breach of the duty of good faith and fair dealing.

## III. VENUE

6. Venue for removal is proper in this district and division under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action was pending, the State Judicial District Court of Hidalgo County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

## IV. BASIS FOR REMOVAL

7. As demonstrated more fully below, there is complete diversity among all proper parties to this suit and the amount in controversy exceeds $75,000.00. This court therefore has original jurisdiction of this matter under 28 U.S.C §1332(a); and is removable pursuant to 28 U.S.C §1441(b).

A. AMOUNT IN CONTROVERSY

8. The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.[6] In his original petition, Plaintiff states he is seeking monetary relief

---

[5] *Exhibit F*, Defendant, State Farm Lloyds' Original Answer.
[6] 28 U.S.C. § 1446(c)(2).

over $100,000 but not more than $200,000[7]. The amount in controversy therefore exceeds the value of $75,000, exclusive of interests and costs.

B. DIVERSITY OF CITIZENSHIP

9. In addition to an amount in controversy in excess of $75,000, the action must also be between citizens of different states.[8] There is complete diversity among the parties properly joined to this suit.

10. Plaintiff was, at the time this action commenced, and still is a citizen of the State of Texas.[9]

11. Defendant, STATE FARM LLOYDS was, at the time the civil action commenced, and still is, a citizen of the state of Illinois. STATE FARM is a "Lloyds Plan" organized under Chapter 941 of the TEXAS INSURANCE CODE. It consists of an association of underwriters, each of whom, at the time this civil action was commenced, were, and still are, citizens and residents of the state of Illinois. For purposes of determining diversity jurisdiction, an unincorporated association has the citizenship of its members.[10] STATE FARM is therefore a citizen and resident of the state of Illinois for diversity purposes.[11]

12. Defendant, ROSA CONTRERAS, while a citizen of the state of Texas, is not a proper party to this action. In his Original Petition, Plaintiff alleges various acts related to the handling of his homeowner's policy claim at issue were performed by CONTRERAS; however, CONTRERAS did not perform any of the conduct which forms the basis for Plaintiff's allegations. CONTRERAS

---

[7] *Exhibit B,* at Page 13, ¶XIII; *See also* 28 U.S.C. § 1446(c)(2).
[8] 28 U.S.C. § 1332(a)(1).
[9] *Exhibit B* at Page 1, ¶ II.
[10] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993)(citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990)).
[11] *Id.*

has been improperly joined, and her citizenship should be disregarded for purposes of evaluating diversity of citizenship.

### V. IMPROPER JOINDER OF DEFENDANT, ROSA CONTRERAS

13. "Federal jurisdiction based on diversity cannot be defeated by the presence of an improperly joined, non-diverse and/or in-state defendant."[12] Therefore, a defendant may be disregarded as a party if the Court determines that his joinder is an improper or fraudulent device to defeat diversity and prevent removal.

14. In order to establish improper joinder, the defendant must demonstrate that there is either (1) actual fraud in the pleading of jurisdictional facts; or (2) no possibility of recovery by the plaintiff against the in-state defendant.[13] In the instant case, the allegations against CONTRERAS are demonstrably false and resultantly, there is no possibility of recovery by Plaintiff for his claims against CONTRERAS.

15. Plaintiff's lawsuit alleges various causes of action arising out of CONTRERAS and STATE FARM'S handling of Plaintiffs' homeowner's insurance claim for property damage to his residence. After naming ROSA CONTRERAS in his Original Petition, Plaintiff generically refers to her as "Adjuster Defendant" throughout the remainder of his pleading. With regard to the allegations made against CONTRERAS, Plaintiff states:

> "ADJUSTER DEFENDANT inspected Plaintiff's property. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER

---

[12] *Salazar v. Allstate Tex. Lloyd's, Inc*., 455 F.3d 571, 574 (5th Cir. 2006).
[13] *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004) (holding: "[W]e have recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court . . . [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant").

DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Contreras, ignored covered damages including but not limited to the roof, fascia, soffit, and wood fence. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about December 14, 2015, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code."[14]

---

[14] *Exhibit B*, Plaintiff's Original Petition, Pages 7-10, ¶ VI.

5

16. Plaintiff's allegations are generic and grossly inaccurate. CONTRERAS had no substantive involvement with Plaintiff's claim and her interaction with Plaintiff is limited to a single phone call. CONTRERAS has been improperly joined and should be disregarded for purposes of diversity.

17. When determining whether a Plaintiff has a reasonable basis for recovery against the in-state Defendant, the court may conduct a Rule 12(b)(6) type analysis.[15] In its discretion, the district court may pierce the pleadings and conduct a summary inquiry where the Plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder.[16]

18. Because the facts of this case are not readily apparent from the pleadings, Defendant, STATE FARM has included an Affidavit from Rosa Contreras, along with limited claim file documents to demonstrate the discrete and undisputed facts that would preclude Plaintiff from recovery against CONTRERAS. The affidavit and attachments filed herewith are incorporated by reference as if fully set forth herein.

19. A brief overview of Plaintiff's claim history is as follows: Plaintiff's claim for property damages was reported to STATE FARM on December 9, 2015.[17] The same day it was reported, CONTRERAS called Plaintiff to acknowledge his claim and to obtain additional information.[18] During that call CONTRERAS advised Plaintiff that another claims representative would be contacting him to schedule the inspection of his property.[19] On December 10, 2015, Adjuster, Gerald Ptacek contacted Plaintiff and inspected the property.[20] Plaintiff, Willie Rivas was present during the inspection of his property and discussed the claim and damages with the

---

[15] *Smallwood*, 385 F.3d 568, 573.
[16] *Id.*
[17] *See Exhibit G* – Affidavit of Rosa Contreras, at ¶6; *Exhibit G-1* at Bates No.: SFL (Rivas, Willie) 000016.
[18] *See Exhibit G*, at ¶7; *Exhibit G-1* at Bates No.: 000016.
[19] *Id.*
[20] *See Exhibit G*, at ¶8; *Exhibit G-1* at Bates No.: 000016.

adjuster.[21] On December 13, 2015, Adjuster Ptacek prepared a letter and estimate, advising Plaintiff of the estimate total and policy deductible. After the letter was sent, Ptacek closed the claim file.[22]

20. CONTRERAS' involvement with Plaintiff's claim was clearly limited to the initial phone call she made after the claim was reported.[23] CONTRERAS, did not inspect the Plaintiff's property, did not prepare an estimate, and did not make any coverage decisions with regard to Plaintiff's claim. CONTRERAS has never met the Plaintiff or been to his home.[24] Her only interaction with the Plaintiff was on December 9, 2015.[25]

21. Plaintiff's allegations are incorrect, insufficient, and evidently fail to state a potential right to relief against CONTRERAS individually. Because CONTRERAS did not perform any of the actions alleged, Plaintiff has not suffered any independent harm as a result of CONTRERAS. CONTRERAS bears no independent liability and Plaintiff has failed to establish any separate causes of action against her.

22. There is no reasonable basis for to predict that Plaintiff, Willie Rivas might be able to recover against CONTRERAS.[26] She has been improperly joined and should therefore be disregarded for purposes of determining diversity of citizenship. Because Plaintiff is a citizen of Texas and Defendant STATE FARM is a citizen of the state of Illinois, complete diversity of citizenship exists among the parties and removal is proper.

---

[21] *Id.*
[22] *See Exhibit G*, at ¶8; *Exhibit G-1* at Bates No.: 000016; *Exhibit G-2*.
[23] *See Exhibit G*, at ¶¶6-10; *Exhibit G-1*; *Exhibit G-2*.
[24] *Id.*
[25] *Id.*
[26] *Smallwood*, 385 F.3d 568, 573.

## VI. CONCLUSION

23. Based on the foregoing, an amount in controversy in excess of $75,000 has been demonstrated and there is complete diversity among the proper parties. Jurisdiction has been established and removal is appropriate.[27]

## VII. PROCEDURAL REQUIREMENTS

24. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

    **EXHIBIT A:** INDEX OF MATTERS BEING FILED;
    **EXHIBIT B:** PLAINTIFFS' ORIGINAL PETITION FILED ON FEBRUARY 2, 2016;
    **EXHIBIT C:** A COPY OF THE CITATION AND EXECUTED PROCESS FOR DEFENDANT, ROSA CONTRERAS;
    **EXHIBIT D:** A COPY OF ROSA CONTRERAS' ORIGINAL ANSWER FILED SEPTEMBER 30, 2016;
    **EXHIBIT E:** A COPY OF THE CITATION AND EXECUTED PROCESS FOR DEFENDANT, STATE FARM;
    **EXHIBIT F:** A COPY OF STATE FARM LLOYDS' ORIGINAL ANSWER FILED SEPTEMBER 30, 2016;
    **EXHIBIT G:** AFFIDAVIT OF ROSAURA CONTRERAS
        **EXHIBIT G-1:** STATE FARM CLAIM ACTIVITY FILE NOTES EXCERPTS
        **EXHIBIT G-2:** DECEMBER 15, 2015; STATE FARM LETTER AND ESTIMATE
    **EXHIBIT H:** A COPY OF THE STATE COURT DOCKET SHEET;
    **EXHIBIT I:** A LIST OF ALL COUNSEL OF RECORD
    **EXHIBIT J:** DEFENDANT, ROSA CONTRERAS' CONSENT TO REMOVAL

25. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.[28]

26. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after filing the same.

27. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal

---

[27] 28 U.S.C §§ 1332(a), 1441(b).
[28] *See* Exhibit A.

will be filed with the District Clerk for the 389th District Court of Hidalgo County, Edinburg, Texas, promptly after filing the same.

28. Pursuant to 28 U.S.C. §1446(b)(2)(A), Defendant, ROSA CONTRERAS, has consented to the removal of this action.[29]

**PRAYER**

Defendant STATE FARM respectfully requests that the State Court action be removed and placed on this Court's docket for further proceedings. STATE FARM also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

DYKEMA COX SMITH
112 East Pecan Street, Suite 1800
San Antonio, Texas  78205
210.554.5500
210.226.8395 (Fax)

By:     */s/ Stephanie Guerrero*
THOMAS E. SANDERS
Federal ID No.: 20800
State Bar No. 00794589
tsanders@dykema.com
STEPHANIE GUERRERO
Federal ID No.: 2097941
State Bar No. 24075802
sguerrero@dykema.com

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

---

[29] *See Exhibit G*, ¶12; *Exhibit J*, Consent to Removal.

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of October, 2016, a true and correct copy of the foregoing document was served by e-notification and/or email in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, and via email to counsel of record:

Kevin S. Baker
Perry Dominguez
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
(210) 490-7402 – Telephone
(210) 490-8372 – Facsimile
kevin@krwlawyers.com
perry@krwlawyers.com

**ATTORNEYS FOR PLAINTIFF**

                */s/ Stephanie Guerrero*
                STEPHANIE GUERRERO